**No. 41529.**—Protest 818539–G of Otis, McAllister & Co. (San Francisco).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of bale ties similar to those the subject of *Wilbur-Ellis* v. *United States* (26 C. C. P. A. 403, C. A. D. 47).   The claim for free entry as agricultural implements under paragraph 1604 was therefore sustained.

**No. 41530.**—Protests 669080–G, etc., of Wilbur-Ellis Co. (Los Angeles).

Opinion by DALLINGER, J.   It was stipulated that the merchandise consists of bale ties similar to those the subject of *Wilbur-Ellis* v. *United States* (26 C. C. P. A. 403, C. A. D. 47).   The claim for free entry as agricultural implements under paragraph 1604 was therefore sustained.

BEFORE THE THIRD DIVISION, JUNE 5, 1939

**No. 41531.**—Protest 811413–G/85318 of Yamanaka & Co., Inc. (Chicago).

Opinion by CLINE, J.   From the uncontradicted evidence it was found that the porcelain bowls in question are artistic antiquities produced prior to 1830. They were therefore held free of duty under paragraph 1811 and not subject to the additional duty under section 489.

**No. 41532.**—Protest 950428–G of Wessel Duval & Co.   (New York).

Opinion by CLINE, J.   It appeared that the crabmeat is the product of Korea or Chosen and that it was packed in cans marked "Product of Japan."   Following Abstract 40291 the court overruled the protest.

BEFORE THE FIRST DIVISION, JUNE 6, 1939

**No. 41533.**—Protest 978163–G of Koscherak Bros., Inc. (New York).

Opinion by McCLELLAND, P. J.   On the record presented it was found that the merchandise is wooden brackets.   The claim at 33⅓ percent under paragraph 412 was sustained.

**No. 41534.**—Protest 967934–G of Parodi Erminio & Co. (San Francisco).

Opinion by McCLELLAND, P. J.   The protest was sustained in accordance with stipulation of counsel.